JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT N. MICONE, III, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>GAURAV TALIM, INC., d/b/a MIAMI'S AUTO DETAILING, a California Corporation; MAHESH M. TALIM, an individual; GAURAV TALIM, an individual; ;<br><br>Defendants. | Case No.: 2:25-cv-01827-JLS-SSC<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff Vincent N. Micone, III, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), and Defendants Gaurav Talim, Inc., d/b/a Miami's Auto Detailing; Mahesh M. Talim; and Gaurav Talim; ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith.  Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

Pursuant to FLSA § 17 , 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to FLSA § 3(m)(2)(b), 29 U.S.C. § 203(m)(2)(B), keep any of the tips provided by customers to their employees, including by withholding credit card or cash tips, or allowing owners, managers, or supervisors to keep a portion of employees' tips. To bring Defendants into compliance with Section 3(m)(2)(b) and ensure future compliance with this paragraph, Defendants must:

   i. Provide tips to tip-eligible employees free and clear, finally, and unconditionally, through cash, check, or direct deposit. Defendants may not provide tips to employees through a voucher or any other form which is not cash, check, or direct deposit.

   ii. Not limit or attempt to limit in any way what employees may do with the

money they receive as tips.

    iii. Not ask or encourage employees who receive tips from sharing any portion of their tips with owners, managers, or supervisors.

    iv. Use a point of sale system that records the amount of the credit and debit card tip separately from the cost of the car wash service.

3. Defendants shall not fail to make, keep, make available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, tips related to credit and debit card payments, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

    i. Defendants shall accurately record the information required by 29 C.F.R. §§ 516.2 and 516.28 in payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours; and (5) which employees receive tips and the amounts of those tips.

    ii. Defendants shall permit employees to write down their own working hours on their timesheets in pen as opposed to pencil. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors, and the employee must sign off on the change. Defendants may also choose to implement a different type of clock-in system, provided that it allows employees to

     accurate record when they clock in and out, both for their shift and for any lunch breaks.

  iii. Defendants shall maintain all time and payroll records, including any records of cash payments to employees, for a period of not less than three years.

  iv. Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records.

  v. Defendants shall provide employees with a paystub that accompanies their pay, on each payday, that reflects the employee's amount of pay, rate of pay, hours worked, and any and all deductions.

  vi. Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

  vii. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage or permit workers to under-report their hours worked.

  viii. Defendants shall not direct supervisors, managers or persons performing payroll duties to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

5. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of

funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

6. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

7. Defendants, jointly and severally, shall not continue to withhold the payment of $155,000 in overtime and tips pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of May 12, 2020 through May 12, 2023. ("Back Wage Accrual Period").

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to FLSA § 17, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

8. Defendants shall, within thirty (30) business days after entry of this Consent Judgment and Order by the Court, hire a third party to conduct training (to be completed within ninety (90) days thereafter) for all of Defendants' supervisors, managers, and persons performing payroll duties on the requirements of the FLSA, including the tip, recordkeeping, and worker classification provisions. The training shall include: (a) tips practices that adhere to FLSA requirements; (b) recordkeeping; and (c) overtime. For the purposes of this provision, Defendants' counsel shall be considered a third party.

9. Within fifteen (15) days of the training enumerated in Paragraph 8, Defendants shall deliver to the Wage and Hour Division evidence that all supervisors attended the training. Evidence may be provided in the form of a sign-in sheet and may

be sent by electronic mail to Cotne-Martinez.Claudia@dol.gov.

10. Within thirty (30) days of the entry of this Judgment, Defendants shall supply all of its employees with copies of the attached Exhibit B. In addition, Defendants shall provide copies of Exhibit B to all new hires and post a copy at work location where it is visible to employees.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to FLSA §§ 16(c) and 16(e), 29 U.S.C. § 216(c) and (e), in favor of the Acting Secretary and against Defendants, jointly and severally, in the amount of $155,000. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

11. Defendants shall pay $155,000 hereby due under the FLSA and this Judgment, to employees on Exhibit A. In addition, liquidated damages in the amount of $155,000 are hereby due under the FLSA and Defendants shall pay this amount to the employees on Exhibit A. Defendants shall pay $5,000 as a civil money penalty under 29 U.S.C. § 216(e), for a total of $315,000. Such penalties are hereby assessed against Defendants and finally determined, pursuant to FLSA § 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

12. Defendants shall make the payment required by this Consent Judgment online within 30 days of entry of this Consent Judgment by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region." Payments shall reference Case Number # 1978567.

13. Defendants shall make the civil money penalty payment online within 30 days of entry of this Consent Judgment by going to: https://pay.gov/public/form/start/77743734 or by going to www.pay.gov and searching "WHD Civil Money Penalty Payment Form – Western Region." Payments shall reference Case Number # 1978567.

14. Within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone number, cell phone number, and other known contact information of the employee.

15. The Acting Secretary shall allocate and distribute the funds described in paragraphs 11, less deductions made by the Acting Secretary for the employees' share of payroll taxes and income tax withholding. Defendants shall first pay the liquidated damages, followed by back wages, followed by civil money penalties.

16. In the event of any default in the timely making of any payment due hereunder in excess of fifteen business days, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Acting Secretary, with electronic copies also concurrently e-served on Defendants' counsel of record.

17. If Defendants do not pay the amount due in paragraph 11 in full within 60 days of the entry of this Consent Judgment, then Defendants consent to entry of a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce this Consent Judgment's monetary terms. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment, including any post-judgment interest, at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Acting Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property and other assets, including bank accounts with account numbers, that have an estimated value of $5,000.00 or more and the locations of such property for purposes of the Acting Secretary seeking a Writ of Execution in accordance with this paragraph of the Consent Judgment.

18. Any monies not distributed to employees, because of an inability to locate

the proper persons because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified therein, nor as to any employer other than Defendants.

Each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein.

This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: March 24, 2025

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE